# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE SIMPSON,<br><br>Defendant. | No. CR15-3003-MWB<br>No. 15-mj-07<br><br>**ORDER** |

## I.   INTRODUCTION

These two related cases came before me on January 20, 2015, for initial appearance, preliminary examination and detention hearing in Case Number CR15-3003-MWB (the Revocation Case), and for preliminary examination and detention hearing in Case Number 15-mj-07 (the New Case).  Assistant United States Attorney Forde Fairchild appeared on behalf of the plaintiff (the Government).  Defendant Leslie Simpson (Simpson) appeared in person and with his attorney, Assistant Federal Defender Bradley Hansen.  The Government offered the testimony of Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Matthew Jenkins.  Simpson proffered information through his attorney.  Government's Exhibits 1 and 2 and Defendant's Exhibit A were received into evidence, without objection.

## II.   PROCEDURAL HISTORY

On April 11, 2013, after pleading guilty to one count of felon in possession of a firearm in the Western District of Missouri, Simpson was sentenced to a five year term of probation.  Doc. No. 1-2 in the Revocation Case at 12-13.  His conditions of probation include a prohibition on the possession of firearms, destructive devices or other dangerous

weapons. Id. at 13. On January 15, 2015, the Government filed a complaint (Doc. No. 2 in the New Case) against Simpson in this court that sets forth a new charge of felon in possession of a firearm. On January 16, 2015, this court accepted a transfer of jurisdiction from the Western District of Missouri concerning Simpson's probation. *See* Doc. No. 1 in the Revocation Case. On January 20, 2015, the Government filed a petition (Doc. No. 2 in the Revocation Case) to revoke supervision, which is based on the same alleged conduct described in the complaint in the New Case.

### III.   *PRELIMINARY EXAMINATION*

With regard to the preliminary examination, the complaint charges Simpson with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), while the revocation petition contends that the same alleged conduct constitutes a violation of the terms of Simpson's probation. Having considered the evidence presented, I find that the Government has established probable cause to believe, with regard to the New Case, that an offense has been committed and that the defendant committed it. See Fed. R. Crim. P. 5.1(e). Likewise, with regard to the Revocation Case I find that the Government has established probable cause to believe that Simpson has violated the terms of his probation. See Fed. R. Crim. P. 32.1(b)(1)(A).

### IV.   *DETENTION*

The Government seeks pretrial detention in the New Case and detention pending a revocation hearing in the Revocation Case. While these detention requests require analysis of similar issues and standards, the respective burdens of proof are distinct. As such, I will analyze each case separately.

A.  *The New Case*

   1.  *Applicable Standards*

A request to detain a defendant pending trial triggers a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). First, I must determine whether the Government is entitled to seek pre-trial detention. *See* 18 U.S.C. § 3142(f)(2). The Government must prove by a preponderance of the evidence that the case involves either (1) an offense listed in 18 U.S.C. § 3142(f)(1) or (2) the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id; see also United States v. Fonville*, No. 14-MJ-241, 2014 WL 5410319 (N.D. Iowa October 22, 2014).

Second, I must determine whether any condition or combination of conditions will reasonably assure Simpson's appearance as required, as well as the safety of any other person and the community. 18 U.S.C. § 3142(e). A defendant may be detained on the basis of a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992) (per curiam); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (per curiam). In making this determination, I must apply the factors outlined in 18 U.S.C. § 3142(g), including (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. I must then determine whether any of the conditions under 18 U.S.C. § 3142(c) can reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc).

## 2. Analysis

### a. Does The Government Have The Right To Seek Detention?

Here, Simpson is charged with violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. This charge falls within Section 3142(f)(1), as it is a felony that "involves the possession . . . of a firearm." *See* 18 U.S.C. § 3142(f)(1)(E). Moreover, and as I will discuss further below, the Government has established that there is a serious risk that Simpson will obstruct or attempt to obstruct justice if released. *See* 18 U.S.C. § 3142(f)(2)(B). For both of these reasons, the Government is entitled to seek pretrial detention in the New Case.

### b. Is Pretrial Detention Warranted?

Applying the framework above, I find the Government has proved that no condition or combination of conditions imposed on Simpson would reasonably assure the safety of the community if he were to be released. This finding is based on: (a) the fact that the charged offense involves possession of firearms by a felon, (b) Simpson's criminal history, which includes a previous conviction for felon in possession of a firearm, (c) evidence that Simpson committed the charged offense while on federal supervision, (d) evidence that Simpson lied to law enforcement officers in an effort to conceal his involvement with and possession of firearms, (e) evidence that Simpson has a history of concealing weapons, (f) evidence that Simpson has a practice of using other individuals to purchase and store firearms and ammunition for him and (g) evidence that Simpson may have access to additional firearms and/or destructive devices that have not been located.

I further find that Simpson poses a serious risk of obstructing justice if released. As the Government points out, the presentence investigation report in his prior federal case details numerous instances in which Simpson lied to law enforcement and otherwise acted deceitfully in an effort to prevent detection of the fact that he was in possession of numerous firearms. *See* Gov't Ex. A at 3-4, ¶¶ 7, 8, 10, 11 and 32. The Government

has now presented evidence suggesting that this behavior has continued, with Simpson relying on third parties to acquire and store firearms for him. Moreover, he now knows the identities of three individuals who have provided information to law enforcement about his activities. I find that if Simpson were to be released, he would likely attempt to obstruct the Government's investigation.

Finally, based on Simpson's prior conduct, and the fact that the conduct described in the New Case is alleged to have occurred while Simpson was already on federal supervision, I find that Simpson would be unlikely to comply with any conditions that might be imposed if he were released. For all of these reasons, I conclude that the Government has met its burden of showing that Simpson should be detained pending trial in the New Case.

B.   *The Revocation Case*

1.   *Applicable Standards*

"Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." Fed. R. Crim. P. 46(d). Under that rule, the court may release or detain a defendant pursuant to 18 U.S.C. § 3143(a) pending further proceedings. Fed. R. Crim. P. 32.1(a)(6). The defendant bears the burden of establishing by clear and convincing evidence that he or she is not a risk of flight or a danger to any other person or the community. *Id.; see also* 18 U.S.C. §3143(a).

2.   *Analysis*

Because I have found that the Government met its burden of proof for pretrial detention in the New Case, it is apparent that Simpson has not made the showing necessary for him to be released pending further proceedings in the Revocation Case. Instead, for the reasons set forth above, I find that no condition or combination of conditions imposed on Simpson would reasonably assure the safety of the community if

5

he were to be released. I further find that Simpson poses a serious risk of obstructing justice if released and that he would be unlikely to comply with any conditions of release that might be released. For all of these reasons, I conclude that Simpson should be detained pending further proceeding in the Revocation Case.

## V. CONCLUSION

For the reasons set forth herein, I hereby **grant** the Government's motions for detention in the New Case and the Revocation Case, as follows:

1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
2. The Attorney General shall afford defendant reasonable opportunity for private consultation with counsel while detained.
3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.
4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must* (a) attach a copy of the release/detention order to the appeal; and (b) promptly secure a transcript.
5. There is *no automatic stay* of this Order. Therefore, Simpson must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 21st day of January, 2015.

                                                            _____
                                                            LEONARD T. STRAND
                                                            UNITED STATES MAGISTRATE JUDGE